# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 92-CA-00915-SCT

*IN RE THE LAST WILL AND TESTAMENT OF IDA LENA HEARN KIMBROUGH: A.M. MACK KIMBROUGH, III*

*v.*

*MARTHA KIMBROUGH BARNWELL AND HELEN KIMBROUGH CLARKE*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/17/92 |
| TRIAL JUDGE: | HON. W. O. DILLARD |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | WILLIAM R. COUCH |
| ATTORNEYS FOR APPELLEES: | JIM WARREN III |
| | TIM WAYCASTER |
| NATURE OF THE CASE: | CIVIL - WILLS, TRUSTS AND ESTATES |
| DISPOSITION: | DISMISSED WITH PREJUDICE - 9/5/96 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 9/26/96 |

**BEFORE PRATHER, P.J., PITTMAN AND SMITH, JJ.**

**PITTMAN, JUSTICE, FOR THE COURT:**

¶1. On August 29, 1991, Martha Kimbrough Barnwell (hereinafter "Barnwell") filed a petition for probate of a certain instrument of writing purporting to be the Last Will & Testament of Ida Kimbrough, and asked that Letters Testamentary be granted. The writing, which Barnwell exhibited as the Last Will & Testament of Ida Kimbrough, was dated June 4, 1986, and left Ida Kimbrough's one-half interest in a tract of land known as Leflore Point to Mack Kimbrough. The purported will left all of Ida Kimbrough's interest in a tract of land known as Uncle Holmes Place to her daughter Barnwell and the rest and residue of her property to her two daughters, Barnwell and Helen Kimbrough Clarke (hereinafter "Clarke"). An order was signed on June 22, 1990, admitting the will to probate and granting Letters Testamentary to Barnwell.

¶2. On January 30, 1991, Mack Kimbrough filed a caveat against the probate of the above mentioned will of Ida Kimbrough. In support of his caveat, Mack Kimbrough exhibited to the court three wills, all of which were dated after the will which had been exhibited to probate by Barnwell. In his caveat, Mack Kimbrough requested that the Chancery Court make up an issue of *devisavit vel non* on each of the three wills before accepting the 1986 will exhibited by Barnwell. Mack Kimbrough also moved

the court to enter an order transferring the cause to the Chancery Court of Hinds County, Mississippi. On June 7, 1991, Mack Kimbrough filed a Petition to Probate the holographic will of Ida Kimbrough dated October 21, 1989. On August 16, 1991, upon an agreed order signed by counsel for Mack Kimbrough and for Barnwell and Clarke, the venue for this action was changed to the Chancery Court for the First Judicial District of Hinds County.

¶3. The matter came on for trial on August 3 through August 6, 1992. The jury was presented with testimony as to the facts and circumstances surrounding the making and execution of the will of Ida Kimbrough dated June 4, 1986 and the holographic wills executed by Ida Kimbrough dated January 18, 1989, May 9, 1989, and October 21, 1989. Mack Kimbrough contended that, if the jury found that any of the three holographic wills executed by Ida Kimbrough after June 4, 1986, were valid, then the 1986 will probated by Barnwell would be revoked. It was stipulated by the parties during trial that all of the wills propounded by the parties were duly executed and in the proper form to be admitted as the Last Will & Testament of Ida Kimbrough. The parties also stipulated that at all times prior to Ida Kimbrough's death on June 4, 1990, Mrs. Kimbrough had the necessary testamentary capacity required by law to make and execute a valid will.

¶4. Therefore, the only question that was properly before the jury at the conclusion of trial was whether any of the three holographic wills propounded by Mack Kimbrough, or the will dated June 4, 1986 propounded by Barnwell and Clarke, resulted from undue influence over the testatrix.

¶5. At the conclusion of the trial, the jury heard oral arguments of counsel and retired to deliberate. On August 6, 1992, the jury returned a verdict in favor of the will dated June 4, 1986. An order was entered on August 17, 1992 that the Last Will & Testament of June 4, 1986 was the valid Last Will & Testament of Ida Kimbrough. Mack Kimbrough filed a motion for a new trial on August 14, 1992. On September 14, 1992, the chancellor rendered a written opinion denying the post-trial relief sought by Mack Kimbrough. As Mack Kimbrough was aggrieved by the chancellor's order that the will of June 4, 1986, is the valid Last Will & Testament of Ida Kimbrough and of the chancellor's order overruling his motion for a new trial, he perfected appeal to this Court.

¶6. Barnwell and Clarke assert that Mack Kimbrough is procedurally barred from review by this Court because the notice of appeal was not timely filed. The relevant time frame pertaining to this issue is as follows:

> August 18, 1992 Kimbrough files a Motion for a New Trial
>
> August 31, 1992 Notice of Appeal to this Court
>
> September 15, 1992 Motion for a New Trial is overruled by Order

¶7. Rule 4(d) of the Mississippi Supreme Court Rules reads as follows:

> (d) **Post-trial Motions in Civil Cases.** If a timely motion is filed in the Trial Court by any party . . . under Rule 59 for a new trial, the time for appeal for all parties shall run from the entry of the Order denying a new trial or granting or denying any other such motion. **A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order**

**disposing of the motion as provided above.**

Miss. Sup. Ct. R. 4(d)(emphasis added). Rule 2(a)(1) of the Mississippi Supreme court Rules reads as follows:

(a) **Dismissal of Appeal.**

(1) Mandatory Dismissal. An appeal shall be dismissed if the notice of appeal was not timely filed pursuant to Rules 4 or 5.

Miss. Sup. Ct. R. 2(a)(1). According to the rules, Mack Kimbrough should have renoticed the appeal. He first filed notice of appeal on August 31, 1992. The motion for a new trial was not overruled by the court until an order was entered on September 15, 1992. Thus, our rules require that the appellant renotice the appeal to this Court or the first notice of appeal has no effect. Furthermore, we require a mandatory dismissal under Rule 2(a)(1). Under the Rules of this Court, Mack Kimbrough's motions were not timely filed and thus, his appeal is not in the proper procedural posture for consideration of Mack Kimbrough's assignments of error.

¶8. **APPEAL DISMISSED WITH PREJUDICE.**

**PRATHER AND SULLIVAN, P.JJ., SMITH, AND MILLS, JJ., CONCUR. BANKS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY ROBERTS, J. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY LEE, C.J., BANKS AND ROBERTS, JJ.**

**BANKS, JUSTICE, DISSENTING:**

¶9. Only my opposition to this Court changing rules of procedure on the fly and applying them to cases then under consideration gives me pause in joining Justice McRae's dissent. I join, nevertheless, because I agree wholeheartedly that our rule should be changed and that once changed, the reasoning of the United Stated Court of Appeals for the Fifth Circuit, with respect to retroactive application, should be considered. Our present rule, adopted verbatim from the federal rule, is just as much a trap to litigants in our Court as it proved to be to federal litigants. This is so despite the fact that by the time that we adopted the rule there were many years of experience in this area under the federal rules.

¶10. My reluctance stems from my view that this Court does not act responsibly when exercising its rule making authority concomitantly with its adjudicatory function. We have done so in the past, however. *See, e.g.*, *New Hampshire Ins. Co. v. Smith and Assoc.*, 610 So. 2d 340, 344 (Miss. 1992). Moreover, the situation here involved and the consequences of so doing virtually compel that we do so in the instant case. This Court refused to grant appellees' motion to dismiss. This case has been fully briefed. It awaits only a decision. Surely, there is no unfair prejudice to appellees in deciding this case on the merits.

**ROBERTS, J., JOINS THIS OPINION IN PART.**

**McRAE, JUSTICE, DISSENTING:**

¶11. By perfunctorily dismissing Kimbrough's appeal with prejudice, the majority misses an opportunity to erase the injustice occurring when the notice of appeal is filed in advance of a final judgment. It further could reduce the time spent by litigants, their attorneys and even this Court[1] in determining whether a final order or judgment has been entered so that a notice of appeal will not be filed prematurely. The majority should provide that when notice inadvertently is filed before a final judgment is rendered, the appeal will be deemed filed after final judgment is entered in the court below, consistent with Federal Rule of Appellate Procedure 4(a)(4). At the very least, therefore, I would dismiss Kimbrough's appeal without prejudice. Accordingly, I dissent.

¶12. Fed. R. App. P. 4(a)(4) was amended effective December 1, 1993 to provide as follows:

> If any party makes a timely motion of a type specified immediately below, the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding. This provision applies to a timely motion under the Federal Rules of Civil Procedure:
>
> (A) for judgment under Rule 50(b);
>
> (B) to amend or make additional findings of fact under Rule 52(b), whether or not granting the motion would alter the judgment;
>
> (C) to alter or amend the judgment under Rule 59;
>
> (D) for attorney's fees under Rule 54 if a district court under Rule 58 extends the time for appeal;
>
> (E) for a new trial under Rule 59; or
>
> (F) for relief under Rule 60 if the motion is served within 10 days after the entry of judgment.
>
> **A notice of appeal filed after announcement or entry of the judgment but before disposition of any of the above motions is ineffective to appeal from the judgment or order, or part thereof, specified in the notice of appeal, until the date of the entry of the order disposing of the last such motion outstanding.** Appellate review of an order disposing of any of the above motions requires the party, in compliance with Appellate Rule 3(c), to amend a previously filed notice of appeal. . . .

Fed. R. App. P. 4(a)(4) (emphasis added). Miss. Sup. Ct. R. 4(d), now Miss. R. App. P. 4(d), tracks verbatim the language of the old Federal Rule 4(a)(4).

¶13. In *Burt v. Ware*, 14 F.3d 256 (5th Cir. 1994), allowing the retroactive application of a newly-adopted rule of procedure where the United States Supreme Court had employed "just and practicable" language in adopting the amended rules, the Fifth Circuit explained that the former version of Rule 4 "was intended to keep parties from commencing the appellate process prematurely" and therefore, "was adopted to facilitate efficient court administration." *Burt,* 14 F.3d at 258. As *Burt* points out, the rule had the opposite effect, resulting in the dismissal of countless cases for

failure to file a timely notice of appeal. *Id.* It became, in essence, a "trap for a litigant who files a notice of appeal before a post trial motion or while a post trial motion is pending." *Id.*, *quoting* Report of the Advisory Committee on the Federal Rules of Appellate Procedure (August, 1991).

> Essentially, the appellate practitioner had to predict accurately whether a given post-judgment motion would be construed as a Rule 59(e) motion -- for which he must wait to file a notice of appeal -- or not -- in which case he must file a notice within thirty days of the judgment. If his prediction was in error, he risked losing his appeal on grounds that the notice of appeal was filed either prematurely or too late. In light of the constant confusion surrounding these rules, even the most attentive of attorneys could be ensnared.

*Id.* at 259.

¶14. The new rule, in contrast, is designed not only to improve the efficiency of the court system, but also to protect the rights of the litigants. It is intended to prevent situations like Kimbrough's and avoid the needless duplication of effort -- on the part of both the appellant and this Court -- required to refile a prematurely filed notice of appeal. Recognizing the trap our own Rule 4(d) presents for the unwary, I would, at the very least, dismiss Kimbrough's claim without prejudice. Accordingly, I dissent.

**LEE, C.J., BANKS AND ROBERTS, JJ., JOIN THIS OPINION.**

1. ***See, e.g., City of Moss Point v. Miller***, 608 So. 2d 1332, 1335-1337 (Miss. 1992)(In response to motion to dismiss appeal as premature, this Court first had to consider whether filing of notice of appeal prior to the trial court's resolution of motion for prejudgment interest required dismissal of the appeal before reaching merits of the case.).